UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANN BROWN | * | CIVIL ACTION |
| Plaintiff | * | NO. |
| VERSUS | * | SECTION: |
| WAL-MART STORES, INC. AND XYZ INSURANCE COMPANY | * | |
| Defendants | * | MAGISTRATE JUDGE: |

## COMPLAINT

The Complaint of the plaintiff, Ann Brown, a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who avers as follows.

**I.**

Diversity jurisdiction in this matter is plead herein pursuant to 28 U.S.C. Sect 1332 and 28 USC 1441.

**II.**

Made defendants herein are:

A. Wal-Mart Stores, Inc. ("hereinafter referred to as Wal-Mart"), under information and belief, a Delaware Corporation whose principal place of business is located in Arkansas and who is authorized to do and doing business in the Parish of St. Bernard, State of Louisiana; and,

B. XYZ Insurance Company, an insurance company whose name is unknown at this time, who at all times pertinent hereto issued a policy of insurance covering

    C.    Wal-Mart Stores, Inc. for the damages alleged herein.

### III.

On or about December 16, 2010, Ann Brown was patronizing the Wal-Mart located at 8101 West Judge Perez Drive, Chalmette, Louisiana.

### IV.

Ann Brown slipped and fell on a liquid substance on the store floor.

### V.

Wal-Mart employees knew or should have know of the liquid substance on the store floor.

### VI.

The accident, as well as the injuries which resulted, were a direct and proximate result of the negligence of Wal-Mart's employees, which such negligence includes, but is not limited to, the following actions:

    a)    Failure to clean the liquid off the store floor in a timely manner;

    b)    Failure to maintain a safe environment for its patrons;

    c)    Failure to warn patrons of the liquid on the floor;

    d)    Failure to monitor the store;

    e)    Failure to do what should have been done and failing to see what should have been seen in order to have avoided the occurrence of the accident made the basis of these proceedings; and,

    f)    Any and all other acts of negligence and liability which shall be shown at the time of trial.

### VII.

Wal-Mart is also liable for the following:

a)  Failing to establish policies and procedure necessary to maintain a safe shopping environment for its patrons;

b)  Failing to properly train its employees; and,

c)  Failing to set up an adequate system for monitoring safety hazard in the store.

## VIII.

Plaintiff suffered the following itemized list of damages as a result of the accident:

a)  Pain and suffering, both physical and mental/emotional: past, present and future;

b)  Bodily disability: past, present and future;

c)  Loss of use/function of parts of body: past, present and future;

d)  Impairment of psychological functioning: past, present and future;

e)  Loss of enjoyment of life: past, present and future;

f)  Medical expenses: past, present and future;

g)  Lost wages: past, present and future;

h)  Disability from working to earn an income: past, present and future;

i)  Destruction of earning capacity: past, present and future;

j)  Disability from engaging in recreation: past, present and future; and,

k)  All other damages which shall be proven at trial.

## IX

At all times pertinent hereto, the negligent employees referred to above were in the course and scope of their work for Wal-Mart.

## X.

Wal-Mart Stores, Inc. is liable for the damages caused by their negligent employees under LSA C.C. Art. 2320, vicarious liability and the doctrine of respondeat superior.

## XI.

At all times pertinent hereto, defendant, XYZ Insurance Company, provided a policy of insurance covering the negligent Wal-Mart employees, Wal-Mart, and/or the accident alleged herein and, as such, XYZ Insurance Company is liable for the damages suffered by the plaintiff.

## XII.

Plaintiff maintains that she is entitled to all such damages as are reasonable in the premises, in accordance with the provisions of the Louisiana Code of Civil Procedure, Article 893.

## XIII.

Plaintiff requests a trial by jury.

**WHEREFORE**, plaintiff prays that after due proceedings, there be Judgment herein in favor of the plaintiff and against defendants jointly, severally and in solido for all such damages as are reasonable in accordance with the provisions of the Louisiana Code of Civil Procedure Article 893 with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings, and that the plaintiff be granted all other legal, general and equitable relief as the nature of the case permits.

Respectfully submitted,

MARTIN E. REGAN & ASSOCIATES, P.L.C.

*/S/ Rodney Kelp Littlefield*
RODNEY KELP LITTLEFIELD (#23192)
2125 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7260
Writer's Direct E-Mail: klittlefield@reganlaw.net